| | |
|---|---|
| RENATA N. HOLCOMB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.:  3:26-cv-64-TAV-JEM |
| | ) |
| CALEB MCCLURG, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This civil matter is before the Court on defendant's motion to dismiss [Doc. 7]. Plaintiff has not responded[1] and the time for doing so has long expired. *See* E.D. Tenn. L.R.7.1(a). For the reasons explained below, the Court will **GRANT** the motion to dismiss [Doc. 7], and this civil action will be **DISMISSED**.

## I. Background

Plaintiff filed this action in the Anderson County Circuit Court on January 3, 2022 [Doc. 1-1, p. 1]. In her complaint plaintiff seeks damages under 42 U.S.C. §§ 1983 and 1988 based on alleged violations of her Fourth and Fourteenth Amendment rights by defendant Officer Caleb McClurg, of the Oak Ridge Police Department [*Id.*]. The Anderson County Circuit Court issued a summons for Officer McClurg the day of the filing of the complaint, that is, January 3, 2022 [Doc. 7-2; *see also* Doc. 7-5 (docket sheet reflecting

---

[1] Pursuant to Local Rule 7.2, "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2. The Court therefore treats defendant's motion to dismiss as unopposed.

summons issued on this date)].[2] That summons was returned to the court unexecuted [Doc. 7-3; *see also* Doc. 7-5 (docket sheet reflecting "summons not served")]. On January 18, 2023, an alias summons was issued as to Officer McClurg [Doc. 7-4; *see also* Doc. 7-5 (docket sheet reflecting summons issued on this date)]. On February 16, 2026, defendant removed this action to federal court [Doc. 1].

## II.     Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2) which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specifically, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "merely consistent with" liability, "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

[2]  While, generally, district courts cannot consider matters outside the pleadings when ruling on a Rule 12(b)(6) motion, there are exceptions, and courts may consider "public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies" without converting a motion to one for summary judgment. *J.P. Silverton Indus. L..P. v. Sohm*, 243 F. App'x 82, 86–87 (6th Cir. 2007) (quoting *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)).

## III. Analysis

Defendant contends that this action should be dismissed as barred by the statute of limitations [Doc. 8, pp. 4–5]. Specifically, defendant states that plaintiff filed her complaint on January 3, 2022, and a summons was issued on that date [*Id.* at 3]. But the summons was returned as not served on January 14, 2022 [*Id.*]. An alias summons was not issued until January 18, 2023, and no additional alias summons was ever issued [*Id.*]. Service of the complaint was not affected upon defendant until January 18, 2026, three years after the issuance of an alias summons [*Id.*]. Defendant contends that, during this delay of service of process, plaintiff failed to seek the issuance of new process as required by Tennessee Rule of Civil Procedure 3 to toll the statute of limitations [*Id.* at 4–6].

"The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arise." *Edison v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Borrowing from Tennessee law, the applicable statute of limitations for a § 1983 claim is one year. *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016).

Pursuant to Tennessee Rule of Civil Procedure 3:

> An action is commenced within the meaning of any statute of limitations upon the filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P. 3.

3

Here, the complaint alleges that the events giving rise to plaintiff's civil rights claims occurred on January 4, 2021 [Doc. 1-1, p. 2]. The record reflects that plaintiff filed her action within one year of that date, on January 3, 2022, and obtained a summons as to defendant on that date [Doc. 1-1, Doc. 7-2, Doc. 7-5]. However, plaintiff did not serve defendant within the 90-day period required by Tennessee Rule of Civil Procedure 3. Moreover, the record reflects that plaintiff did not obtain a new alias summons for defendant until January 18, 2023, more than a year after the issuance of the January 3, 2022, summons [Doc. 7-2, Doc. 7-3, Doc. 7-5]. Accordingly, plaintiff may not rely on the January 3, 2022, filing date to toll the statute of limitations for this action. Tenn. R. Civ. P. 3. Moreover, because plaintiff's initial filing of the complaint on January 3, 2022, was made on the final day of the one-year limitations period, it is clear that the limitations period has now expired. For these reasons, defendant's motion to dismiss [Doc. 7] is **GRANTED**.

## VI. Conclusion

For the reasons above, defendant's motion to dismiss [Doc. 7] is **GRANTED**, and this case is **DISMISSED**. A separate order will follow.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

4